CARL OTIS SULLIVAN, Appellant, v. THE STATE OF NEVADA, Respondent.

No. 42185

September 3, 2004 — 96 P.3d 761

*Jill I. Greiner,* Reno, for Appellant.

*Brian Sandoval,* Attorney General, Carson City; *Richard A. Gammick,* District Attorney, and *Terrence P. McCarthy,* Deputy District Attorney, Washoe County, for Respondent.

Before SHEARING, C. J., ROSE and MAUPIN, JJ.

## OPINION[1]

*Per Curiam:*

In this appeal, we consider whether the district court's entry of an amended judgment of conviction provided good cause to extend the one-year limitation set forth in NRS 34.726(1) for filing a timely post-conviction petition for a writ of habeas corpus. We conclude that because the claims presented in appellant's post-conviction petition were unrelated to the district court's clerical amendment, the entry of the amended judgment in this case did not provide good cause to excuse appellant's failure to raise the claims asserted in his petition within the statutory deadline.

### FACTS

On December 29, 1997, appellant Carl Otis Sullivan was charged by way of criminal information with robbery with the use of a deadly weapon, burglary, and possession of stolen property. The State alleged in the information that Sullivan committed burglary by entering the victim's residence with felonious intent, committed robbery with the use of a deadly weapon by threatening the victim with a knife and taking his Mercedes Benz, and possessed stolen property including "three mink coats, a camera, a compact disc player, a video cassette recorder and miscellaneous jewelry."

On January 7, 1998, Sullivan pleaded guilty to one count each of robbery, burglary, and possession of stolen property. The district

---

[1]The district court's order denying appellant's post-conviction petition was previously affirmed by this court in an unpublished order entered on March 5, 2004. The State subsequently filed a motion seeking publication of our order. Cause appearing, we grant the State's motion to publish. Accordingly, we issue this opinion in place of our prior unpublished order.

court sentenced Sullivan to serve consecutive prison terms of 35 to 156 months, 22 to 96 months, and 22 to 96 months. The original judgment of conviction contained a clerical error, *i.e.,* it erroneously pronounced Sullivan guilty of robbery with the use of a deadly weapon, when in fact Sullivan had pleaded guilty to simple robbery, without the use of a deadly weapon. On direct appeal, this court affirmed the judgment of conviction, rejecting Sullivan's claim that the State had breached the plea agreement, but remanded the case to the district court, directing it to correct the mistaken reference to the deadly weapon enhancement.[2] On January 3, 2000, before this court issued the remittitur in the direct appeal, the district court entered a corrected judgment of conviction. Thereafter, this court issued the remittitur on January 10, 2000.

On May 10, 2001, Sullivan filed a proper person post-conviction petition for a writ of habeas corpus. The district court appointed counsel to represent Sullivan, and counsel filed a supplement to the petition. On October 2, 2001, the State moved to dismiss the petition, arguing that it was untimely and procedurally barred. Counsel for Sullivan filed an opposition to the motion to dismiss, arguing that Sullivan had good cause to excuse the untimely filing of his petition. Thereafter, the district court concluded that it did not have jurisdiction over the case when it had entered the corrected judgment on January 3, 2000, because this court had not yet issued the remittitur in the direct appeal.[3] Consequently, on December 11, 2001, the district court vacated the corrected judgment and entered a new amended judgment of conviction. The parties then stipulated that Sullivan's supplemental petition should be treated as timely because it was filed within one year of the entry of the amended judgment.

On July 12, 2002, counsel for Sullivan filed a second supplement to the post-conviction habeas petition. On August 6, 2002, the district court denied the State's motion to dismiss and ordered the State to file an answer to Sullivan's petition. On September 17, 2002, the State filed an answer to the petition and a partial motion for dismissal, arguing that Sullivan's claims were belied by the record. On October 16, 2002, counsel for Sullivan filed a reply to the State's answer and an opposition to the partial motion for dismissal. On October 30, 2002, the district court denied the State's partial motion for dismissal. After conducting an evidentiary hearing on the merits of Sullivan's claims of ineffective assistance of counsel, the district court denied the petition on September 17, 2003. Sullivan filed this timely appeal.

---

[2]*Sullivan v. State,* 115 Nev. 383, 391, 990 P.2d 1258, 1263 (1999).

[3]*See Buffington v. State,* 110 Nev. 124, 868 P.2d 643 (1994) (holding that a district court lacks jurisdiction to enter an amended judgment of conviction before this court issues the remittitur in the case).

## DISCUSSION

Sullivan contends that the district court erred in rejecting his claims of ineffective assistance of counsel. Before addressing the substance of Sullivan's claims, we first discuss whether Sullivan's post-conviction habeas petition was procedurally barred.[4] Sullivan's post-conviction petition was untimely because it was filed approximately 14 months after this court issued the remittitur in the direct appeal.[5] The parties, however, stipulated that the claims presented in the supplemental petition should be treated as timely because the petition was filed within one year of the entry of the amended judgment of conviction. We conclude that the petition was improperly treated as timely under NRS 34.726 simply because it was filed within one year of the entry of the amended judgment of conviction.[6]

NRS 34.726(1) provides that a timely post-conviction habeas petition ''must be filed within 1 year after entry of the judgment of conviction or, if an appeal has been taken from the judgment, within 1 year after the Supreme Court issues its remittitur.'' No specific language in NRS 34.726 expressly provides that the one-year time period restarts if the judgment of conviction is amended.

Moreover, construing NRS 34.726 to provide such an extended time period would result in an absurdity that the Legislature could not have intended.[7] A judgment of conviction may be amended *at any time* to correct a clerical error[8] or to correct an illegal sentence.[9] Because the district court may amend the judgment many years, even decades, after the entry of the original judgment of conviction, restarting the one-year time period for all purposes every time an amendment occurs would frustrate the purpose and spirit of NRS 34.726. Specifically, it would undermine the doctrine of finality of judgments by allowing petitioners to file post-conviction habeas petitions in perpetuity.[10] When the Legislature enacted NRS

---

[4]*See Pellegrini v. State,* 117 Nev. 860, 886 & n.116, 34 P.3d 519, 536 & n.116 (2001) (disallowing the discretionary application of the procedural default rules).

[5]NRS 34.726(1).

[6]We also conclude that the stipulation was invalid. *See State v. Haberstroh,* 119 Nev. 173, 180-81, 69 P.3d 676, 681-82 (2003) (''[A] stipulation by the parties cannot empower a court to disregard the mandatory procedural default rules.'').

[7]*See Dickerson v. State,* 114 Nev. 1084, 1087, 967 P.2d 1132, 1133-34 (1998).

[8]NRS 176.565.

[9]NRS 176.555.

[10]*See Dickerson,* 114 Nev. at 1087-88, 967 P.2d at 1133-34.

34.726, the "overall spirit was one of limiting habeas petitioners to one time through the [post-conviction] system absent extraordinary circumstances."[11] In keeping with the spirit of NRS 34.726, we conclude that the one-year statutory time limit did not automatically restart for Sullivan's post-conviction claims simply because the district court entered the amended judgment of conviction.

Instead, we hold that the statutory framework set forth in NRS 34.726(1) requires that claims presented in an untimely post-conviction habeas petition must be dismissed as procedurally barred "[u]nless there is good cause shown for [the] delay." NRS 34.726(1) provides in pertinent part:

> For the purposes of this subsection, good cause for delay exists if the petitioner demonstrates to the satisfaction of the court:
>
> (a) That the delay is not the fault of the petitioner; and
> (b) That dismissal of the petition as untimely will unduly prejudice the petitioner.

Absent a showing of good cause as defined by this statute, untimely post-conviction claims that arise out of the proceedings involving the initial conviction or the direct appeal and that could have been raised before the judgment of conviction was amended are procedurally barred. We emphasize, however, that the entry of an amended judgment may in and of itself provide the good cause required by the statute to present appropriate post-conviction claims relating to the amendment at issue. In other words, if the claims presented in a petition filed within one year of the entry of the amended judgment challenge the proceedings leading to a substantive amendment to the judgment and could not have been raised in prior proceedings, there may be no delay attributable to the "fault of the petitioner."[12]

In this case, Sullivan alleged that his counsel in the initial district court proceedings leading to his conviction and his counsel on direct appeal were ineffective. Sullivan also challenged the validity of his guilty plea. These claims were not related to and did not contest the clerical correction contained in the amended judgment of conviction. Rather, they all arose during the proceedings lead-

---

[11]*Pellegrini,* 117 Nev. at 875, 34 P.3d at 529.

[12]NRS 34.726(1)(a); *Hathaway v. State,* 119 Nev. 248, 252, 71 P.3d 503, 506 (2003) (good cause may be shown where the factual and legal basis for the claim was not previously reasonably available). We further note, however, that such claims may also be subject to additional procedural bars, including but not limited to the procedural limitations set forth in NRS 34.810. For example, absent a showing of good cause and prejudice excusing the default, a claim raised in a post-conviction habeas petition alleging that the district court erred in amending a judgment of conviction might be procedurally barred under NRS 34.810(1)(b)(2) if that claim could have been previously asserted in a direct appeal from the amended judgment of conviction.

ing to the original judgment of conviction and during the prosecution of the direct appeal. As such, those claims could have been previously raised in a timely petition filed on or before January 10, 2001—within one year after this court issued the remittitur in the direct appeal. Therefore, the entry of the amended judgment of conviction did not provide good cause to excuse the untimely filing of Sullivan's petition.

[Headnote 4]

Additionally, Sullivan alleged as good cause for the delay that his attorney did not send him a copy of the remittitur[13] or the corrected judgment and did not inform him that he had one year from the issuance of the remittitur in the direct appeal to seek post-conviction relief. These allegations are insufficient to demonstrate that an impediment external to the defense precluded him from filing a timely petition, and therefore fail to establish good cause to overcome the procedural default.[14] Accordingly, Sullivan's petition was procedurally barred, and we expressly conclude that the district court should have denied the petition on that basis.[15]

Nevertheless, we also conclude that the district court correctly determined that Sullivan's petition lacked merit, and we affirm the district court's ruling on that separate, independent ground.[16] In denying the petition, the district court found that Sullivan's guilty plea was knowing and voluntary and that his counsel was not ineffective. Sullivan has failed to show that the district court's factual findings are not supported by substantial evidence or that the district court erred as a matter of law.[17] Accordingly, we affirm the order of the district court denying post-conviction relief.[18]

---

[13]Sullivan concedes, however, that his attorney sent him a copy of this court's published opinion affirming his conviction on December 13, 1999.

[14]See Lozada v. State, 110 Nev. 349, 353, 871 P.2d 944, 946 (1994); see also Hood v. State, 111 Nev. 335, 338, 890 P.2d 797, 798 (1995) (holding that trial counsel's failure to turn over case files to a petitioner is not good cause to overcome a procedural default).

[15]See generally Harris v. Reed, 489 U.S. 255, 263 (1989) (holding that procedural default does not bar federal review of claim on the merits unless state court rendering judgment relied "clearly and expressly" on procedural bar (internal quotation marks and citation omitted)).

[16]Id. at 264 n.10 (recognizing that as long as the state court explicitly invokes a state procedural bar, "a state court need not fear reaching the merits of a federal claim in an alternative holding").

[17]See Riley v. State, 110 Nev. 638, 647, 878 P.2d 272, 278 (1994).

[18]We have reviewed all documents that Sullivan has submitted in proper person to the clerk of this court in this matter, and we conclude that no relief based upon those submissions is warranted. To the extent that Sullivan has attempted to present claims or facts in those submissions which were not previously presented in the proceedings below, we have declined to consider them in the first instance.