An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

WILBERT EMORY LESLIE,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 61050

**FILED**

APR 09 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK



## ORDER OF AFFIRMANCE

This is a proper person appeal from an order denying a post-conviction petition for a writ of habeas corpus.[1]  Eighth Judicial District Court, Clark County; Stefany Miley, Judge.

Appellant filed his petition on March 7, 2012, more than eleven years after issuance of the remittitur on direct appeal on November 3, 1998.  Leslie v. State, 114 Nev. 8, 952 P.2d 966 (1998).  Thus, appellant's petition was untimely filed.[2]  See NRS 34.726(1).  Moreover,

---

[1]This appeal has been submitted for decision without oral argument, NRAP 34(f)(3), and we conclude that the record is sufficient for our review and briefing is unwarranted.  See Luckett v. Warden, 91 Nev. 681, 682, 541 P.2d 910, 911 (1975).

[2]Appellant's death sentence was vacated in Leslie v. Warden, 118 Nev. 773, 59 P.3d 440 (2002).  An amended judgment of conviction was entered on March 16, 2007, imposing two consecutive terms of life without the possibility of parole for Count 3, first-degree murder with a deadly weapon.  Appellant voluntarily dismissed his appeal from the amended judgment of conviction.  Leslie v. State, Docket No. 49121 (Order Dismissing Appeal, May 7, 2008).  Because appellant challenged the guilt phase in his 2012 petition, specifically the premeditation/deliberation jury instruction, we conclude that the amended judgment of conviction did not provide good cause and the proper measure for timeliness purposes is the

*continued on next page...*

SUPREME COURT
OF
NEVADA

(O) 1947A

13-10363

appellant's petition was successive because he had previously litigated two post-conviction petitions for a writ of habeas corpus, and it constituted an abuse of the writ as he raised claims new and different from those raised in his previous petition.[3]  See NRS 34.810(1)(b)(2); NRS 34.810(2). Appellant's petition was procedurally barred absent a demonstration of good cause and actual prejudice.  See NRS 34.726(1); NRS 34.810(1)(b); NRS 34.810(3).  Good cause must be an impediment external to the defense.  Hathaway v. State, 119 Nev. 248, 252, 71 P.3d 503, 506 (2003). Moreover, because the State specifically pleaded laches, appellant was required to overcome the rebuttable presumption of prejudice.  NRS 34.800(2).

Appellant first claimed that the law library was inadequate. Appellant failed to demonstrate that an impediment external to the defense excused his procedural defects as appellant's own statements indicate that the Department has provided adequate access to legal research materials.

Next, appellant claimed that the Kazalyn[4] instruction was unconstitutional and that his prior attorneys (trial, appellate and post-conviction) should have raised the claim earlier.  A claim challenging the Kazalyn instruction was available to his post-conviction counsel because

---

...continued
1998 decision on direct appeal.  See Sullivan v. State, 120 Nev. 537, 541, 96 P.3d 761, 764 (2004).

[3]Leslie, 118 Nev. 773, 59 P.3d 440; Leslie v. State, Docket No. 52954 (Order of Affirmance, October 21, 2009).

[4]Kazalyn v. State, 108 Nev. 67, 825 P.2d 578 (1992).

the Byford[5] decision altering the premeditation and deliberation jury instruction was entered on February 28, 2000, and the district court did not reach a decision on his first, timely petition until July 2000.[6] In order for a claim of ineffective assistance to constitute good cause, the claim of ineffective assistance of counsel must itself not be procedurally barred and the petitioner must demonstrate that the ineffective assistance of counsel prevented him from raising the claim in a timely fashion. Hathaway, 119 Nev. at 252, 71 P.3d at 506. Appellant's claim of ineffective assistance of post-conviction counsel is procedurally barred as he failed to raise it within one year from the decision on his first post-conviction petition and he did not demonstrate good cause for his failure to do so. Moreover, appellant cannot demonstrate that his post-conviction counsel was ineffective because his conviction was final before Byford was decided, and thus, the court did not err in giving the Kazalyn instruction. See Nika v. State, 124 Nev. 1272, 1286-89, 198 P.3d 839, 849-51 (2008) (recognizing that Byford constituted a change in state law that had no retroactive application to convictions that were final when Byford was decided). Further, because the murder was committed during the course of a robbery and appellant was convicted of robbery, any issues relating to the jury instructions for premeditation and deliberation would be rendered

---

[5]Byford v. State, 116 Nev. 215, 994 P.2d 700 (2000).

[6]A claim based on Byford was not available to his trial and appellate counsel. Appellant was under a sentence of death when he litigated his first post-conviction petition and was thus entitled to the appointment of counsel and the effective assistance of that counsel. NRS 34.820(1); Crump v. Warden, 113 Nev. 293, 934 P.2d 247 (1997); McKague v. Warden, 112 Nev. 159, 912 P.2d 255 (1996).

harmless as his actions met the definition of first-degree murder. <u>Payne v. State</u>, 81 Nev. 503, 505-06, 406 P.2d 922, 924 (1965). Finally, appellant failed to overcome the presumption of prejudice. Therefore, we conclude that the district court did not err in denying the petition as procedurally barred (untimely and successive), and barred by laches. Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Cherry

cc:    Hon. Stefany Miley, District Judge
       Wilbert Emory Leslie
       Attorney General/Carson City
       Clark County District Attorney
       Eighth District Court Clerk