An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

DALE DALLAS CRAIG,
Appellant,
vs.
WARDEN, HIGH DESERT STATE
PRISON, DWIGHT NEVEN,
Respondent.

No. 60955

DALE DALLAS CRAIG,
Appellant,
vs.
WARDEN, HIGH DESERT STATE
PRISON, DWIGHT NEVEN,
Respondent.

No. 60956

**FILED**

MAY 1 3 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

These are proper person appeals from orders of the district court denying post-conviction petitions for a writ of habeas corpus.[1] Fifth Judicial District Court, Nye County; Robert W. Lane, Judge. We elect to consolidate these appeals for disposition. *See* NRAP 3(b)(2).

Appellant filed his petitions on April 25, 2012, more than 5 years after this court's February 20, 2007, issuance of the remittitur from

---

[1]These appeals have been submitted for decision without oral argument, NRAP 34(f)(3), and we conclude that the record is sufficient for our review and briefing is unwarranted. *See Luckett v. Warden*, 91 Nev. 681, 682, 541 P.2d 910, 911 (1975).

SUPREME COURT
OF
NEVADA

(O) 1947A

13- 14041

his direct appeal. *See Craig v. State*, Docket Nos. 47149, 47150 (Order Affirming in Part and Remanding, January 24, 2007). Appellant's petitions were therefore untimely filed. *See* NRS 34.726(1); *Sullivan v. State*, 120 Nev. 537, 541, 96 P.3d 761, 764 (2004).[2] Appellant's petitions were also successive and an abuse of the writ.[3] NRS 34.810(1)(b)(2); NRS 34.810(2). Appellant's petitions were therefore procedurally barred absent a demonstration of good cause and actual prejudice. *See* NRS 34.726(1); NRS 34.810(1)(b); NRS 34.810(3).

Appellant claimed that, pursuant to *Lafler v. Cooper*, 566 U.S. ___, 132 S. Ct. 1376 (2012), and *Missouri v. Frye*, 566 U.S. ___, 132 S. Ct. 1399 (2012), counsel was ineffective in advising him to reject a plea offer from the State, and because those cases were just decided on March 21, 2012, they provided good cause to excuse his procedural bars. Appellant's good-cause argument was without merit because his case was final when *Cooper* and *Frye* were decided, and he failed to demonstrate that the cases would apply retroactively to him. Even if *Cooper* and *Frye* announced new rules of constitutional law, he failed to allege facts to support that he met either exception to the general principle that such rules do not apply retroactively to cases which were already final when the new rules were

[2]An amended judgment of conviction dismissing a count was filed in the district court on August 8, 2007. No direct appeal was taken from the amended judgment of conviction, and the instant petition did not raise claims regarding the amendment.

[3]*See Craig v. State*, Docket No. 51975 (Order of Affirmance, July 9, 2009); *Craig v. State*, Docket Nos. 56377, 56378 (Order of Affirmance, December 9, 2010).

announced. *See Colwell v. State*, 118 Nev. 807, 816-17, 59 P.3d 463, 469-70 (2002). We therefore conclude that the district court did not err in denying appellant's petition as procedurally barred. Accordingly, we

ORDER the judgments of the district court AFFIRMED.

_____, J.
Gibbons

_____, J.
Douglas

_____, J.
Saitta

cc:    Hon. Robert W. Lane, District Judge
       Dale Dallas Craig
       Nye County District Attorney
       Attorney General/Carson City
       Nye County Clerk