An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

JULIO CESAR ROSADO,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 62659

FILED

SEP 19 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK



## ORDER OF AFFIRMANCE

This is a proper person appeal from an order of the district court denying a post-conviction petition for a writ of habeas corpus.[1] Eighth Judicial District Court, Clark County; Doug Smith, Judge.

Appellant filed his petition on November 2, 2012, more than three years after entry of the judgment of conviction on April 17, 2009, and more than two years after the May 18, 2010, order revoking probation and executing the original sentencing structure. To the extent that appellant challenged claims arising from entry of the original judgment of conviction and the order revoking probation, appellant's petition was untimely filed. See NRS 34.726(1). Appellant provided no cogent good cause argument,[2]

---

[1]This appeal has been submitted for decision without oral argument, NRAP 34(f)(3), and we conclude that the record is sufficient for our review and briefing is unwarranted. See Luckett v. Warden, 91 Nev. 681, 682, 541 P.2d 910, 911 (1975).

[2]Appellant referenced three recent United States Supreme Court opinions, but provided no argument as to how those cases were applicable to him and explained his delay.

SUPREME COURT
OF
NEVADA

(O) 1947A

13-27880

and therefore, the district court did not in denying this portion of the petition as procedurally time barred.

To the extent that appellant challenged errors arising from entry of the second amended judgment of conviction on February 16, 2012, the petition was untimely filed. *See id.* The one-year time period to challenge a conviction does not automatically re-start simply because the district court entered an amended judgment of conviction. *See Sullivan v. State*, 120 Nev. 537, 541, 96 P.3d 761, 764 (2004). Rather, entry of an amended judgment of conviction may explain a delay in filing the petition if the petition raises claims challenging the amended judgment of conviction or the proceedings leading up to the amended judgment of conviction. *Id.* Even assuming without deciding that entry of the second amended judgment of conviction would explain the delay in this case, appellant failed to demonstrate that he would be unduly prejudiced by the denial of his petition as procedurally time-barred, *see* NRS 34.726(1), because his claims challenging the second amended judgment of conviction lacked merit. Appellant was not required to be present for entry of the second amended judgment of conviction granting additional presentence credits. Therefore, the district court did not err in denying this portion of the petition as procedurally time barred. Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Gibbons

_____, J.
Douglas

_____, J.
Saitta

 

cc: Hon. Doug Smith, District Judge
Julio Cesar Rosado
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A