An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

JORGE DE LA HOYA,
Appellant,
vs.
JACK PALMER, WARDEN,
Respondent.

No. 62811

**FILED**

OCT 16 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is a proper person appeal from an order of the district court denying a post-conviction petition for a writ of habeas corpus.[1] Eighth Judicial District Court, Clark County; Valorie J. Vega, Judge.

Appellant filed his petition on April 5, 2011, almost ten years after entry of the judgment of conviction on July 10, 2001. Thus, appellant's petition was untimely filed.[2] *See* NRS 34.726(1). Moreover, appellant's petition was an abuse of the writ to the extent that he raised claims new and different from those raised in a previous petition.[3] *See* NRS 34.810(2). Appellant's petition was procedurally barred absent a

_____

[1]This appeal has been submitted for decision without oral argument, NRAP 34(f)(3), and we conclude that the record is sufficient for our review and briefing is unwarranted. *See Luckett v. Warden*, 91 Nev. 681, 682, 541 P.2d 910, 911 (1975).

[2]Appellant's petition was also filed more than three years after the January 16, 2008, order revoking probation and amended judgment of conviction.

[3]No appeal was taken from the denial of his 2008 petition.

SUPREME COURT
OF
NEVADA

(O) 1947A

13-30962

demonstration of good cause and actual prejudice. *See* NRS 34.726(1); NRS 34.810(3).

Appellant appeared to claim that the procedural time bar did not apply because he was challenging the computation of time served. Appellant was in error. Appellant challenged the order revoking probation; a challenge that should have been raised in an appeal from the order revoking probation or a habeas corpus petition filed within one year from the order revoking probation. *See Hathaway v. State*, 119 Nev. 248, 252, 71 P.3d 503, 506 (2003). Further, while the order revoking probation provided good cause for a portion of the delay, *see Sullivan v. State*, 120 Nev. 537, 96 P.3d 761 (2004), the January 2008, order would not provide good cause for the entire delay, and appellant offered no explanation for the entire length of delay. Therefore, the petition was procedurally barred and without good cause.

Even construing appellant's claim to be a challenge to the computation of time served, not subject to the procedural time bar, the petition would nevertheless be procedurally barred as an abuse of the writ as appellant raised new and different claims from those litigated in his 2008 petition, which challenged the revocation of probation. *See* NRS 34.810(2). Appellant offered no explanation for why he should be permitted to litigate a second petition following the revocation of his probation. *See* NRS 34.810(3). Further, appellant failed to demonstrate that he would be prejudiced by the denial of his petition as appellant's claim that he had expired his probationary term prior to the revocation of probation was patently without merit. *See id.* NRS 176A.500(2) provides that "the time during which a warrant for violating any of the conditions of probation is in effect is not part of the period of probation." Appellant

acknowledged that a bench warrant issued prior to the expiration of his probationary term. Appellant did not expire his probationary term and his pleas to return to Nevada for probation-revocation proceedings did not alter this. Therefore, the district court did not err in denying the petition as procedurally barred. Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Cherry

cc:    Hon. Valorie J. Vega, District Judge
       Jorge De La Hoya
       Attorney General/Carson City
       Clark County District Attorney
       Eighth District Court Clerk