An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

BRANDON KALE HARRIS,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 64721

**FILED**

MAY 13 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is a proper person appeal from an order of the district court denying appellant's post-conviction petition for a writ of habeas corpus.[1] Eighth Judicial District Court, Clark County; Valorie J. Vega, Judge.

Appellant filed his petition on June 26, 2013, more than two years after entry of the judgment of conviction on November 8, 2010.[2] Thus, appellant's petition was untimely filed and procedurally barred absent a demonstration of good cause—cause for the delay and undue prejudice. *See* NRS 34.726(1).

Appellant appeared to assert that he had good cause due to the probation revocation proceedings. However, appellant filed the instant petition more than two years after the order revoking probation was filed on May 4, 2011, and more than one year after issuance of the remittitur

---

[1]This appeal has been submitted for decision without oral argument, NRAP 34(f)(3), and we conclude that the record is sufficient for our review and briefing is unwarranted. *See Luckett v. Warden,* 91 Nev. 681, 682, 541 P.2d 910, 911 (1975).

[2]No direct appeal was taken.

SUPREME COURT
OF
NEVADA

(O) 1947A

14-15463

from the probation revocation appeal on June 5, 2012, *Harris v. State*, Docket No. 58509 (Order of Affirmance, May 9, 2012). Under these circumstances, appellant failed to demonstrate that the probation revocation proceedings or the appeal taken from those proceedings excused the entire delay as his claims challenging the revocation were reasonably available to be raised at an earlier time. *See Hathaway v. State*, 119 Nev. 248, 252-53, 71 P.3d 503, 506 (2003). Moreover, the order revoking probation did not provide good cause to raise claims challenging the validity of the judgment of conviction. *See generally Sullivan v. State*, 120 Nev. 537, 540, 96 P.3d 761, 764 (2004). Therefore, the district court did not err in denying the petition as procedurally barred. Accordingly, we

ORDER the judgment of the district court AFFIRMED.[3]

_____, J.
Hardesty

_____, J.
Douglas

_____, J.
Cherry

---

[3]We have reviewed all documents that appellant has submitted in proper person to the clerk of this court in this matter, and we conclude that no relief based upon those submissions is warranted. To the extent that appellant has attempted to present claims or facts in those submissions which were not previously presented in the proceedings below, we have declined to consider them in the first instance.

cc:  Hon. Valorie J. Vega, District Judge
     Brandon Kale Harris
     Attorney General/Carson City
     Clark County District Attorney
     Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A