An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

FREDERICK LAVELLE PAINE,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 64693

**FILED**

MAY 1 3 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _R. Malone_
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is a proper person appeal from an order of the district court denying a post-conviction petition for a writ of habeas corpus.[1] Eighth Judicial District Court, Clark County; Douglas Smith, Judge.

Appellant filed his petition on July 3, 2013, more than 21 years after this court's January 21, 1992, issuance of the remittitur from his direct appeal. *Paine v. State*, 107 Nev. 998, 823 P.2d 281 (1991). Appellant's petition was therefore untimely filed. *See* NRS 34.726(1). Appellant's petition was also an abuse of the writ insofar as he raised claims regarding his attempted murder and robbery sentences that were new and different from claims raised in previous petitions.[2] NRS 34.810(2). Appellant's petition was therefore procedurally barred absent a

---

[1]This appeal has been submitted for decision without oral argument, NRAP 34(f)(3), and we conclude that the record is sufficient for our review and briefing is unwarranted. *See Luckett v. Warden*, 91 Nev. 681, 682, 541 P.2d 910, 911 (1975).

[2]*Paine v. State*, Docket No. 34459 (Order Dismissing Appeal, July 24, 2000); *Paine v. State*, Docket No. 50460 (Order Affirming in Part, Reversing in Part and Remanding, October 20, 2009).

SUPREME COURT
OF
NEVADA

(O) 1947A

14 - 15418

demonstration of good cause and actual prejudice. *See* NRS 34.726(1); NRS 34.810(3).

Appellant did not attempt to demonstrate good cause.[3] We therefore conclude that the district court did not err in denying his petition as procedurally barred. Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Douglas

_____, J.
Cherry

---

[3]The filing of amended judgments of conviction on December 7, 1992, January 12, 1993, and July 26, 1995, and a second amended judgment of conviction on June 20, 2012, failed to demonstrate good cause to overcome the procedural bars because the petition was filed more than one year after each of them, and appellant failed to explain the delay. *See Sullivan v. State*, 120 Nev. 537, 541, 96 P.3d 761, 764 (2004); *Hathaway v. State*, 119 Nev. 248, 252-53, 71 P.3d 503, 506 (2003). The filing of the third amended judgment of conviction on July 5, 2012, also failed to demonstrate good cause because it merely corrected a clerical error in the credit for time served and thus had no effect on the running of the limitations period for filing a timely post-conviction petition for a writ of habeas corpus. *See Sullivan*, 120 Nev. at 541-42, 96 P.3d at 764-65.

cc: Hon. Douglas Smith, District Judge
Frederick Lavelle Paine
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A