An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

PHILLIP JACKSON LYONS,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 65041

**FILED**

JUL 23 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is a proper person appeal from an order of the district court denying a post-conviction petition for a writ of habeas corpus.[1] Eighth Judicial District Court, Clark County; Elissa F. Cadish, Judge.

Appellant filed his petition on November 21, 2013, more than 22 years after entry of the judgment of conviction on March 25, 1991. Thus, appellant's petition was untimely filed. *See* NRS 34.726(1). Appellant's petition was also successive because he had previously filed four post-conviction petitions for a writ of habeas corpus,[2] and it

---

[1]This appeal has been submitted for decision without oral argument, NRAP 34(f)(3), and we conclude that the record is sufficient for our review and briefing is unwarranted. *See Luckett v. Warden*, 91 Nev. 681, 682, 541 P.2d 910, 911 (1975).

To the extent that appellant appeals from the denial of his motion for appointment of counsel, the district court did not abuse its discretion in denying the motion. *See* NRS 34.750(1).

[2]*See Lyons v. State*, Docket No. 24046 (Order Dismissing Appeal, July 9, 1993); *Lyons v. State*, Docket No. 26201 (Order Dismissing Appeal, February 10, 1998); *Lyons v. State*, Docket No. 63259. He filed his first
*continued on next page . . .*

14-23936

constituted an abuse of the writ to the extent he raised claims new and different from those raised in his previous petitions. *See* NRS 34.810(2). Appellant's petition was procedurally barred absent a demonstration of good cause and actual prejudice. *See* NRS 34.726(1); NRS 34.810(3). Moreover, because the State specifically pleaded laches, appellant was required to overcome the rebuttable presumption of prejudice. NRS 34.800(2).

Appellant claimed that the procedural bars did not apply to him because the filing of an amended judgment of conviction on May 17, 2013, restarted the one-year period for filing a post-conviction petition for a writ of habeas corpus. Appellant's assertion was incorrect. The one-year time period to challenge a conviction does not automatically restart simply because the district court entered an amended judgment of conviction. *See Sullivan v. State*, 120 Nev. 537, 541, 96 P.3d 761, 764 (2004). Rather, entry of an amended judgment of conviction may explain a delay in filing the petition if the petition raises claims challenging the amended judgment of conviction or the proceedings leading up to the amended judgment of conviction. *Id.* Here, the amended judgment of conviction merely clarified when appellant would be eligible for parole on his life sentence. The only claim in the petition that challenged the amended judgment of conviction was appellant's claim that he was not represented by counsel when the district court entered the amended judgment.

---

*. . . continued*

post-conviction petition on February 3, 1992, but did not appeal the denial of that petition.

However, this claim lacked merit as appellant had no right to counsel in the post-conviction proceeding that resulted in the amended judgment of conviction. *See* NRS 34.750(1). His other claims did not challenge the amended judgment of conviction and, thus, the amended judgment of conviction did not provide good cause to excuse his procedural defects. *See Sullivan*, 120 Nev. at 541-42, 96 P.3d at 764-65. Appellant also failed to overcome the presumption of prejudice to the State.

Accordingly, we conclude that the district court did not err in denying the petition as procedurally barred, and we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Pickering

_____, J.
Parraguirre

_____, J.
Saitta

cc: Hon. Elissa F. Cadish, District Judge
Phillip Jackson Lyons
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk