An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

PHILLIP JACKSON LYONS,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 62569

**FILED**

SEP 17 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is a proper person appeal from an order of the district court denying a post-conviction petition for a writ of habeas corpus.[1] Eighth Judicial District Court, Clark County; Elissa F. Cadish, Judge.

Appellant filed his petition on September 12, 2012, more than 19 years after this court issued the remittitur from his direct appeal on February 23, 1993. *Lyons v. State*, Docket No. 22332 (Order Dismissing Appeal, February 3, 1993). Thus, appellant's petition was untimely filed. *See* NRS 34.726(1). Moreover, appellant's petition was successive because he had previously filed several post-conviction petitions for a writ of habeas corpus, and it constituted an abuse of the writ to the extent he raised claims new and different from those raised in his previous

---

[1]This appeal has been submitted for decision without oral argument, NRAP 34(f)(3), and we conclude that the record is sufficient for our review and briefing is unwarranted. *See Luckett v. Warden*, 91 Nev. 681, 682, 541 P.2d 910, 911 (1975).

SUPREME COURT
OF
NEVADA

(O) 1947A

14-30772

petitions.[2] *See* NRS 34.810(1)(b)(2); NRS 34.810(2). Appellant's petition was procedurally barred absent a demonstration of good cause and actual prejudice. *See* NRS 34.726(1); NRS 34.810(1)(b); NRS 34.810(3). Moreover, because the State specifically pleaded laches, appellant was required to overcome the rebuttable presumption of prejudice. NRS 34.800(2).

Appellant appeared to claim that he was unable to raise the claims earlier because his counsel did not file an appeal from the second amended judgment of conviction, which was entered on October 13, 2009. To the extent that he argued that the ineffective assistance of counsel constituted good cause, that claim itself was procedurally barred because appellant failed to raise it within a reasonable time. *See Hathaway v. State*, 119 Nev. 248, 252-55, 71 P.3d 503, 506-08 (2003). To the extent that he argued that the filing of the second amended judgment of conviction excused the procedural defects, he is mistaken. He filed the petition over a year after the second amended judgment of conviction was filed, and none of his claims were related to the clerical correction contained in the second amended judgment of conviction. *See Sullivan v. State*, 120 Nev. 537, 541, 96 P.3d 761, 764 (2004). Therefore, the entry of the second amended judgment of conviction did not provide good cause.

---

[2]*Lyons v. State*, Docket No. 26436 (Order Dismissing Appeal, February 10, 1998); *Lyons v. State*, Docket No. 35151 (Order of Affirmance, August 7, 2001); *Lyons v. State*, Docket No. 50002 (Order of Affirmance, January 10, 2008); *Lyons v. Nev. Bd. of Parole Comm'rs*, Docket Nos. 54231, 54598 (Order of Affirmance, April 8, 2010); *Lyons v. State*, Docket Nos. 55760, 56523 (Order of Affirmance, March 17, 2011).

Appellant, relying in part on *Martinez v. Ryan*, 566 U.S. ___, 132 S. Ct. 1309 (2012), also argued that he had good cause because he was not appointed counsel in his earlier post-conviction proceedings. We conclude that this argument lacked merit. The appointment of counsel was discretionary in the first post-conviction proceedings, *see* NRS 34.750(1), and appellant failed to demonstrate an abuse of discretion or provide an explanation for why he could not raise this claim earlier. Further, this court has recently held that *Martinez* does not apply to Nevada's statutory post-conviction procedures. *See Brown v. McDaniel*, ___ Nev. ___, ___ P.3d ___ (Adv. Op. No. 60, August 7, 2014). Thus, the failure to appoint post-conviction counsel and the decision in *Martinez* would not provide good cause for this late and successive petition. Appellant also failed to overcome the presumption of prejudice to the State. Accordingly, we conclude that the district court did not err in denying the petition as procedurally barred, and we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Douglas

_____, J.
Cherry

Supreme Court
of
Nevada

(O) 1947A

cc: Hon. Elissa F. Cadish, District Judge
Phillip Jackson Lyons
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk