An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

ROBERT HOLMES, III,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 66986

**FILED**

SEP 1 1 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _S. Young_
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is a pro se appeal from an order of the district court denying a post-conviction petition for a writ of habeas corpus.[1] Eighth Judicial District Court, Clark County; Jerome T. Tao, Judge.

Appellant Robert Holmes, III, filed his petition on September 4, 2014, more than five years after entry of the judgment of conviction on January 5, 2009. Thus, Holmes' petition was untimely filed and procedurally barred absent a demonstration of cause for the delay and undue prejudice. *See* NRS 34.726(1). Further, because the State specifically pleaded laches, Holmes was required to overcome the presumption of prejudice to the State. *See* NRS 34.800(2).

---

[1]This appeal has been submitted for decision without oral argument, NRAP 34(f)(3), and we conclude that the record is sufficient for our review and briefing is unwarranted. *See Luckett v. Warden*, 91 Nev. 681, 682, 541 P.2d 910, 911 (1975).

SUPREME COURT
OF
NEVADA

(O) 1947A

IS-27539

Holmes claimed that his petition was timely filed because he filed it within one year after the amended judgment of conviction was entered on September 17, 2013. The entry of the amended judgment of conviction, however, did not restart the one-year time period for filing a post-conviction habeas petition. *See Sullivan v. State*, 120 Nev. 537, 540-41, 96 P.3d 761, 764 (2004). Further, the entry of the amended judgment of conviction did not provide good cause to excuse the untimely filing of his petition because none of his claims were related to the correction of presentence credits contained in the amended judgment of conviction. *Id.* at 541, 96 P.3d at 764.

Next, Holmes claimed he had good cause because newly discovered evidence indicated one of the detectives assigned to his case may have used a false name. Holmes failed to demonstrate that this claim could not have been raised earlier and that he would not have pleaded guilty had he known about this evidence. *See Hathaway v. State*, 119 Nev. 248, 252-53, 71 P.3d 503, 506 (2003). Therefore, he failed to demonstrate good cause to excuse the procedural defects.

Holmes also claimed that failure to consider his petition would result in a fundamental miscarriage of justice because he is actually innocent. Holmes did not allege factual innocence and failed to show that "'it is more likely than not that no reasonable juror would have convicted him in light of . . . new evidence.'" *Calderon v. Thompson*, 523 U.S. 538, 559 (1998) (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)); *see also Pellegrini v. State*, 117 Nev. 860, 887, 34 P.3d 519, 537 (2001); *Mazzan v.*

*Warden*, 112 Nev. 838, 842, 921 P.2d 920, 922 (1996). Therefore, Holmes failed to demonstrate actual innocence. Holmes also failed to overcome the presumption of prejudice to the State. *See* NRS 34.800(2). Accordingly, we conclude that the district court did not err in denying the petition as procedurally barred, and we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Parraguirre

_____, J.
Douglas

_____, J.
Cherry

cc: Eighth Judicial District Court Dept. 20
Robert Holmes, III
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk