# IN THE SUPREME COURT OF THE STATE OF NEVADA

DONALD EDWARD MCCALLISTER,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 76869

**FILED**

MAR 08 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S.Young
DEPUTY CLERK

## ORDER DISMISSING APPEAL

This is an appeal from an amended judgment of conviction. When this court's preliminary review of the appeal revealed a potential jurisdictional defect, appellant's counsel was ordered to show cause why this appeal should not be dismissed for lack of jurisdiction. It appeared that appellant was not aggrieved by the amended judgment of conviction because the judgment of conviction was amended to reflect the dismissal of several counts. *See* NRS 177.015 (allowing an appeal by an aggrieved party). A brief procedural history of this matter lends context to appellant's contentions in response.

Appellant was originally convicted of 6 counts of sexual assault of a minor under 14 years of age and 13 counts of lewdness with a child under 14 years of age. Appellant subsequently appealed the denial of his postconviction petition for a writ of habeas corpus. This court affirmed the denial in part, reversed in part and remanded the matter to the district court for an evidentiary hearing regarding an ineffective assistance of counsel claim relating a statute of limitations defense to the lewdness charges. The State then orally agreed to dismiss the lewdness charges. Despite this agreement, appellant contended that he was still entitled to an evidentiary hearing and moved to dismiss or, alternatively, for a new trial

19-10523

and/or an evidentiary hearing. The district court denied his motion and appellant appealed. This court dismissed the appeal from the order denying the motion to dismiss or for an evidentiary hearing and affirmed the denial of the motion for a new trial. This court's order also directed the district court to enter an amended judgment of conviction to reflect the dismissal of the lewdness counts. The amended judgment of conviction is the subject of this appeal.

Appellant first contends that he is aggrieved by the district court's failure to hold an evidentiary hearing after this court's remand. That failure, he argues, adversely affected his right to due process regarding his postconviction claims and ultimately resulted in the amended judgment of conviction.

In an appeal from an amended judgment of conviction, an appellant may only challenge the amended judgment of conviction to the extent it differs from the original judgment of conviction. Appellant fails to demonstrate that he is aggrieved by the amendment to the judgment of conviction, *i.e.*, the removal of the lewdness counts.[1]

Next, appellant asserts that the amended judgment of conviction is the final resolution of the claims raised in his postconviction habeas petition, which he is entitled to appeal under NRS 34.575. NRS 34.575(1) allows an appeal from an order denying a petition for writ of habeas corpus. The instant appeal is from an amended judgment of conviction, not an order denying a habeas petition. This court declines to

---

[1]It appears appellant's assertion that he is aggrieved by the denial of an evidentiary hearing upon remand may relate to an error in the context of his postconviction proceedings.

construe the amended judgment of conviction as an order denying a postconviction petition for a writ of habeas corpus.

Third, appellant notes that the sexual assault charges were linked to the lewdness charges and the evidence supporting both charges was interwoven. He argues that this appeal seeks to challenge the proceedings leading to the substantive amendment of the judgment of conviction, which he could not have challenged prior to the dismissal of the lewdness charges. *See Sullivan v. State*, 120 Nev. 537, 96 P.3d 761 (2004) (explaining when an amendment to a judgment of conviction provides good cause to file an untimely postconviction habeas petition). This argument also fails to demonstrate that appellant is aggrieved by the amendment to the judgment of conviction.

Appellant fails to demonstrate that his is aggrieved by the amended judgment of conviction. Accordingly, this court lacks jurisdiction and

ORDERS this appeal DISMISSED.[2]

_____, J.
Hardesty

_____, J.          _____, J.
Stiglich                                Silver

---

[2]Appellant's alternative requests to remand this matter to the district court for an evidentiary hearing or to allow appellant to file a supplemental petition are denied.

cc:     Hon. Ronald J. Israel, District Judge
        Gaffney Law
        Attorney General/Carson City
        Clark County District Attorney
        Eighth District Court Clerk