# IN THE SUPREME COURT OF THE STATE OF NEVADA

MELISSA ARIAS, A/K/A ELIZABETH
KAY CARLEY,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 75404

ELIZABETH KAY CARLEY A/K/A
MELISSA ARIAS,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 75982

**FILED**

MAR 14 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

These are consolidated pro se appeals from district court orders denying postconviction petitions for writs of habeas corpus. Eighth Judicial District Court, Clark County; Jennifer P. Togliatti, Judge.[1]

Appellant filed her petitions on December 4, 2017, and February 16, 2018, more than one year after entry of the judgment of conviction on June 28, 2012. Thus, the petitions were untimely filed. *See* NRS 34.726(1). Moreover, because appellant had previously sought postconviction relief,[2] the petitions were successive to the extent they raised the same claims, and constituted an abuse of the writ to the extent they raised claims that could have been raised earlier. *See* NRS 34.810(2). And because the State pleaded laches, appellant was required to overcome the

---

[1]Having considered the pro se brief filed by appellant, we conclude that a response is not necessary. NRAP 46A(c). These appeals therefore have been submitted for decision based on the pro se brief and the record. *See* NRAP 34(f)(3).

[2]*Arias v. State*, Docket No. 63716 (Order of Affirmance, February 12, 2014).

presumption of prejudice to the State. *See* NRS 34.800.[3] Accordingly, appellant's petitions were procedurally barred.

Appellant argues that the district court erred by denying her petitions as procedurally barred for two reasons. First, she contends that she demonstrated good cause and prejudice because she was not given sufficient access to legal resources and therefore was unable to comply with the procedural requirements.[4] *See* NRS 3.810(2), (3). The district court rejected this argument because appellant failed to demonstrate that an impediment external to the defense precluded her from complying with the procedural requirements. *See Hathaway v. State*, 119 Nev. 248, 252, 71 P.3d 503, 506 (2003). We agree. *See Phelps v. Dir.*, 104 Nev. 656, 660, 764 P.2d 1303, 1306 (1988) (rejecting the argument that an appellant demonstrated good cause where he had to rely on the assistance of an inmate law clerk unschooled in the law). Accordingly, the district court did not err by denying this claim without conducting an evidentiary hearing. *See Hathaway*, 119 Nev. at 255, 71 P.3d at 508 (recognizing that a petitioner is entitled to an evidentiary hearing if she presents specific factual allegations that, if true, would warrant relief).

Second, appellant contends that she is actually innocent of the offenses for which she was charged, and therefore a fundamental

---

[3]Appellant argues that the five-year time frame outlined in NRS 34.800(2) should be construed from when her judgment of conviction was amended on December 18, 2012. We disagree because the amendment merely revoked appellant's probation and appellant's claims do not challenge the revocation. *See generally Sullivan v. State*, 120 Nev. 537, 541, 96 P.3d 761, 764 (2004) (explaining that the time provisions discussed in NRS Chapter 34 do not automatically restart simply because an amended judgment of conviction is entered).

[4]Appellant concedes that she could access legal resources, but claims her access was restricted and she often had to wait many days before receiving a response to her various legal requests.

Supreme Court
OF
Nevada

(O) 1947A

2

miscarriage of justice would result if her petition was denied as procedurally barred. *See Berry v. State*, 131 Nev. 957, 363 P.3d 1148, 1154 (2015). Although the district court did not address appellant's actual-innocence arguments, it is clear that appellant failed to allege sufficient facts to show that no reasonable juror would have convicted her of any of the charged offenses beyond a reasonable doubt. *Id.* at 968, 363 P.3d at 1155.

Having considered appellant's contentions and concluded that they lack merit, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Stiglich

_____, J.
Silver

cc:    Eighth Judicial District Court, Dept. 9
       Melissa Arias
       Attorney General/Carson City
       Clark County District Attorney
       Eighth District Court Clerk