# IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| MICHAEL LEON WILLIAMS,<br>Appellant,<br>vs.<br>THE STATE OF NEVADA,<br>Respondent. | No. 76285 |
| MICHAEL LEON WILLIAMS,<br>Appellant,<br>vs.<br>THE STATE OF NEVADA,<br>Respondent. | No. 76286<br><br>**FILED**<br><br>APR 1 2 2019 |

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

These are pro se appeals from a district court order denying a postconviction petition for a writ of habeas corpus.[1] Eighth Judicial District Court, Clark County; Susan Johnson, Judge.

Appellant filed his petition on March 7, 2018, almost eight years after issuance of the remittitur on direct appeal on June 22, 2010. *Williams v. State*, Docket No. 53641 (Order of Affirmance, May 28, 2010). Thus, appellant's petition was untimely filed. *See* NRS 34.726(1). Moreover, appellant's petition was successive because he had previously litigated a postconviction petition for a writ of habeas corpus, and it constituted an abuse of the writ to the extent that he raised claims new and different from

---

[1]Having considered the pro se brief filed by appellant, we conclude that a response is not necessary. NRAP 46A(c). These appeals therefore have been submitted for decision based on the pro se brief and the record. *See* NRAP 34(f)(3).

 
19-16065

those raised in his previous petition.[2] *See* NRS 34.810(1)(b)(2); NRS 34.810(2). Appellant's petition was procedurally barred absent a demonstration of good cause and actual prejudice. *See* NRS 34.726(1); NRS 34.810(1)(b); NRS 34.810(3). Moreover, because the State specifically pleaded laches, appellant was required to overcome the rebuttable presumption of prejudice. NRS 34.800(2). Based upon our review of the record on appeal, we conclude that the district court did not err in denying the petition as procedurally barred for the reasons discussed below.

Appellant argues that he had good cause because the district court entered an amended judgment of conviction in 2017. The amended judgment of conviction only provided good cause as to challenges to the amendment, not as to claims that could have been raised in a timely petition. *See Sullivan v. State*, 120 Nev. 537, 541-42, 96 P.3d 761, 764-65 (2004); *Hathaway v. State*, 119 Nev. 248, 252, 71 P.3d 503, 506 (2003). Appellant's claim that the amendment was defective because it did not refer to the subsection of NRS 207.010 under which he was adjudicated is without merit. The judgment of conviction was amended in the exact manner that appellant requested, so appellant cannot now complain about the lack of specificity in the amendment. More importantly, the district court at sentencing and in the original judgment of conviction stated that it was adjudicating appellant a large habitual criminal, a term commonly used to refer to NRS 207.010(1)(b). As there is no confusion regarding appellant's parole eligibility or which subsection he was adjudicated under, the amended judgment of conviction substantially conforms with the requirements of NRS 176.105(1)(c). Likewise, his argument that the

---

[2]*Williams v. State*, Docket No. 59822 (Order of Affirmance, May 14, 2013).

SUPREME COURT
OF
NEVADA

(O) 1947A

amended judgment of conviction was defective because it did not state the case numbers for both district court cases, which were consolidated in the trial proceedings, is without merit as the amended judgment of conviction refers to the lead case. Thus, because appellant's claims challenging the amended judgment of conviction lack merit, they do not provide good cause or prejudice in this case. To the extent appellant argued that the trial court lacked jurisdiction, appellant's claim is without merit. *See* Nev. Const. art. 6 § 6; NRS 171.010. Finally, appellant failed to overcome the presumption of prejudice to the State under NRS 34.800. Accordingly, we

ORDER the judgment of the district court AFFIRMED.[3]

_____, C.J.
Gibbons

_____, J.
Pickering

_____, J.
Cadish

cc:    Hon. Susan Johnson, District Judge
Michael Leon Williams
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk

---

[3]To the extent that appellant argues that he was not allowed to be present for an evidentiary hearing, even though he allegedly received a notice requiring his presence, no relief is warranted as no evidentiary hearing was conducted in this case and he was not required to be present for the district court's pronouncement of its decision.