# IN THE SUPREME COURT OF THE STATE OF NEVADA

JOVAN ALEXANDER JACKSON,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 76187

FILED

MAY 1 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order denying a postconviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Michelle Leavitt, Judge.

Appellant filed his petition challenging the proceedings leading up to the entry of his guilty plea more than one year after entry of the judgment of conviction on June 29, 2016. Therefore, appellant's petition was untimely filed and procedurally barred absent a demonstration of good cause—cause for the delay and undue prejudice. *See* NRS 34.726(1). Appellant contends that the district court erred in denying the petition as procedurally barred without conducting an evidentiary hearing.[1]

---

[1]Appellant's probation was revoked pursuant to an order filed December 23, 2016, and the district court amended the judgment of conviction again on February 22, 2017, to include additional credit for time served. None of the claims raised in appellant's petition touch on the revocation or second amended judgment of conviction. *See Sullivan v. State*, 120 Nev. 537, 541, 96 P.3d 761, 764 (2004). Thus, the amended judgement of conviction does not provide good cause.

19- 21374

First, appellant argues that he did not realize the underlying basis for his petition within the prescribed time limit because he was suffering from severe mental health issues. Good cause must be "an impediment external to the defense" that prevented him from complying with the time bar. *Hathaway v. State*, 119 Nev. 248, 252, 71 P.3d 503, 506 (2003). Appellant's mental health issues were not external to the defense and thus could not provide good cause. *See Phelps v. Dir., Nev. Dep't of Prisons*, 104 Nev. 656, 660, 764 P.2d 1303, 1306 (1988).

Second, appellant argues that trial counsel's failure to evaluate his competency excused the delay in filing. We conclude that this argument lacks merit. "[A] claim or allegation that was reasonably available to the petitioner during the statutory time period would not constitute good cause to excuse the delay." *Hathaway*, 119 Nev. at 253, 71 P.3d at 506. As counsel's alleged deficient performance occurred before the entry of the guilty plea, it does not explain the delay in filing the petition.

Appellant also contends that the overly rigid application of procedural bars would result in a fundamental miscarriage of justice. Appellant did not demonstrate actual innocence because he failed to show that "it is more likely than not that no reasonable juror would have convicted him in light of . . . new evidence." *Calderon v. Thompson*, 523 U.S. 538, 559 (1998) (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)); *see also Pellegrini v. State*, 117 Nev. 860, 887, 34 P.3d 519, 537 (2001); *Mazzan v. Warden*, 112 Nev. 838, 842, 921 P.2d 920, 922 (1996).

Having considered appellant's contentions, we conclude that the district court did not err in denying appellant's petition without conducting an evidentiary hearing. *See Hargrove v. State*, 100 Nev. 498,

502, 686 P.2d 222, 225 (1984) (holding a petitioner is entitled to an evidentiary hearing where he has raised specific factual allegations that, if true, would entitle him to relief). Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, C.J.
Gibbons

_____, J.
Stiglich

_____, J.
Silver

cc:    Hon. Michelle Leavitt, District Judge
James J. Ruggeroli
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk