# IN THE SUPREME COURT OF THE STATE OF NEVADA

PIERRE TERRELL DEVLIN,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 73518

FILED

SEP 1 2 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of four counts of battery with use of a deadly weapon resulting in substantial bodily harm, assault with a deadly weapon, and six counts of discharge of a firearm from or within a structure or vehicle.[1] Eighth Judicial District Court, Clark County; Valerie Adair, Judge. Appellant Pierre Terrell Devlin raises four contentions on appeal.

First, Devlin argues that the district court abused its discretion in denying his motion to sever his trial from that of his codefendant because they presented mutually antagonistic defenses. Assuming without deciding that Devlin and his codefendant presented mutually antagonistic defenses, any potential misjoinder does not warrant reversal because it had no substantial or injurious effect on the verdict—multiple eyewitnesses' testimony and video surveillance evidence supported the jury's verdict.[2] *See*

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted.

[2]Devlin's argument that the district court's refusal to sever prevented him from presenting evidence in support of his defense also fails. The evidence Devlin complains of—that his codefendant admitted to firing the gun—was presented to the jury through another witness.

19-38185

*Chartier v. State*, 124 Nev. 760, 764-65, 191 P.3d 1182, 1185 (2008) ("[M]isjoinder requires reversal only if it has a substantial and injurious effect on the verdict."); *Marshall v. State*, 118 Nev. 642, 645-46, 56 P.3d 376, 378 (2002) (discussing mutually antagonistic defenses). For this same reason, Devlin's argument that his codefendant's counsel impermissibly implicated Devlin as the shooter in his closing argument does not warrant reversal.

Second, Devlin argues that juror misconduct warrants reversal. Because Devlin did not object, we review for plain error which affected his substantial rights. *See Miller v. State*, 121 Nev. 92, 99, 110 P.3d 53, 58 (2005). We conclude that Devlin did not show prejudice in the form of a "reasonable probability or likelihood that the [alleged] juror misconduct affected the verdict." *Meyer v. State*, 119 Nev. 554, 564, 80 P.3d 447, 455 (2003). We see no such effect on the verdict resulting from one juror's statements to other jurors regarding Devlin's and/or his codefendant's body language during trial, especially in light of the evidence otherwise supporting the verdict as discussed above and the district court's instructions to the jury. *See id.* at 565, 80 P.3d at 456.

Third, Devlin asserts that the district court improperly increased his sentence. Devlin's minimum sentences on the individual counts in the original judgment of conviction totaled 12 years, but the judgment contained a clerical mistake in that it stated the aggregate minimum sentence was 11 years. The court then entered an amended judgment of conviction with the correct aggregate sentence. NRS 176.565 allows the district court to correct such clerical mistakes, *Sullivan v. State*, 120 Nev. 537, 540, 96 P.3d 761, 764 (2004) ("A judgment of conviction may

SUPREME COURT
OF
NEVADA

(O) 1947A

2

be amended *at any time* to correct a clerical error . . . ."), and reversal is therefore not warranted.

Finally, we disagree with Devlin's contention that the district court improperly took judicial notice that the shooting occurred in Las Vegas. *See* NRS 47.130 (addressing judicial notice of matters of fact). Multiple witnesses testified about the shooting's location and the district court did not take judicial notice of the shooting's location; it instructed the jury that an ordinance prohibited discharging a firearm within Las Vegas city limits and left for the jury to determine whether Devlin violated that ordinance.

Based on the foregoing, we

ORDER the judgment of conviction AFFIRMED.[3]

_____, C.J.
Gibbons

_____, J.
Stiglich

_____, Sr. J.
Douglas

cc:     Hon. Valerie Adair, District Judge
        Zaman Legal
        Attorney General/Carson City
        Clark County District Attorney
        Eighth District Court Clerk

---

[3]The Honorable Michael Douglas, Senior Justice, participated in the decision of this matter under a general order of assignment.

Supreme Court
of
Nevada

(O) 1947A