HOSEY DANIELS, Appellant, v. THE STATE OF
NEVADA, Respondent.

No. 15419

October 4, 1984                           688 P.2d 315

*Graves, Leavitt & Cawley,* Las Vegas, for Appellant.

*Brian McKay,* Attorney General, Carson City; *Robert J. Miller,* District Attorney, and *James Tufteland,* Deputy District Attorney, Clark County, for Respondent.

## OPINION

*Per Curiam:*

A jury convicted appellant Hosey Daniels of robbery. On appeal, he raised numerous assignments of error. By a motion filed after briefing was concluded, appellant seeks remand of this appeal to the district court for an evidentiary hearing on the issue of ineffective trial counsel.[1] For the reasons set forth below, we deny the motion.

A claim of ineffective trial counsel is generally based on factual allegations which must be explored at an evidentiary hearing. Consequently, a claim of ineffective trial counsel is properly raised in proceedings for post-conviction relief. *See* Lewis v. State, 100 Nev. 456, 686 P.2d 219 (1984); Bolden v. State, 99 Nev. 181, 659 P.2d 886 (1983); Gibbons v. State, 97 Nev. 520, 634 P.2d 1214 (1981). Because of the usual need for an evidentiary hearing to resolve a claim of ineffective counsel, the failure to raise the claim on direct appeal does not constitute a waiver of the claim for purposes of post-conviction proceedings. Bolden v. State, *supra.*

Appellant seeks remand of this appeal to the district court for an evidentiary hearing on the issue of ineffective trial counsel, "in accordance with" the statutes governing hearings on petitions for post-conviction relief. Appellant has not recited that he has filed or intends to file such a petition. Of course, a proceeding on a petition for post-conviction relief would be a separate one; we would have no jurisdiction over the proceeding while it was still pending in the district court, and would have no authority to order the district court to conduct an evidentiary hearing. We therefore treat appellant's somewhat ambiguous request as seeking remand for an evidentiary hearing as part of the appellate process. We conclude that appellant

---

[1]Current counsel for appellant did not represent him at trial.

seeks an evidentiary hearing on the claim of ineffective counsel which may later be reviewed as part of the direct appeal procedure, as an alternative to raising the claim by post-conviction relief. We decline to adopt or approve this procedure.

The Legislature has provided at least two means for bringing post-conviction challenges to criminal convictions. *See* NRS 177.315 *et seq.* (petition for post-conviction relief); NRS 34.380 (post-conviction petition for writ of habeas corpus). Both procedures encompass claims of ineffective trial counsel, and provide for the exploration of the factual underpinnings of such claims at evidentiary hearings. *Id.* We consider these procedures to preserve adequately the rights of defendants allegedly aggrieved by ineffective counsel at trial. Remand of a direct appeal for an evidentiary hearing is therefore unnecessary. Moreover, the remand of an appeal for the exploration of such claims would expand the record beyond the facts of the proceeding which resulted in the judgment under direct review. We therefore conclude that the remand requested by appellant is inappropriate.

In a few prior cases, we have ordered direct appeals held "in abeyance" pending the resolution of post-conviction proceedings raising the issue of ineffective trial counsel. In those cases, however, the appellants recited that a petition for post-conviction relief had in fact been filed, and affirmatively requested us to refrain from deciding the appeal until the resolution of the post-conviction proceeding. Moreover, the claims of ineffective counsel were of *prima facie* merit. In the appropriate case, wherein these procedural prerequisites are met, we would no doubt give serious consideration to a request for "abeyance," since a favorable ruling on a claim of ineffective trial counsel would most likely render a direct appeal moot. As this opinion demonstrates, however, there are distinct differences between the "abeyance" procedure and the remand requested in this case, and appellant has not properly invoked the "abeyance" procedure.

The motion for remand is denied.[2]

---

[2]Counsel for appellant, who became involved in this case after the opening brief was filed, has also moved for leave to argue the issues raised for the first time in his reply brief. Cause appearing, the motion is granted. Counsel has also moved to supplement the record on appeal with certain documents attached to the reply brief. Cause appearing, the motion is granted, and the documents shall be considered part of the record on appeal. *See* NRAP 2; NRAP 10(g). Respondent's motion to strike portions of the reply brief is hereby denied, but respondent shall have thirty (30) days from the date of this opinion to file a supplemental answering brief responding to the new issues raised in the reply brief.