IVAN LEWIS VARWIG, Appellant, *v.* THE STATE OF NEVADA, Respondent.

No. 18408

JIMMY RAY PITSONBARGER, Appellant, *v.* THE STATE OF NEVADA, Respondent.

No. 18629

March 30, 1988                                    752 P.2d 760

*David G. Parraguirre,* Public Defender, and *David A. Cass,* Deputy, Washoe County, for Appellants.

*Brian McKay,* Attorney General, Carson City; and *Mills Lane,* District Attorney, Washoe County, for Respondent.

# OPINION

*Per Curiam:*

· These are appeals from judgments of conviction. Appellants have moved to hold their appeals in abeyance pending resolution of their petitions in the district court for post-conviction relief.

In Daniels v. State, 100 Nev. 579, 688 P.2d 315 (1984), this court indicated that we would consider a motion to hold a direct appeal from a judgment of conviction in abeyance if appellant affirmatively demonstrated that he had actually filed his petition for post-conviction relief in the district court, and made a showing that his petition for post-conviction relief had *prima facie* merit. The purpose for such a procedure was to promote judicial economy either because an order of the district court granting a petition for post-conviction relief might render a direct appeal moot or because this court could consider an appeal from the district court's denial of a petition for post-conviction relief and a direct appeal in a single proceeding.

It has been our experience that the end of judicial economy has not been served by the abeyance procedure announced in *Daniels.* Specifically, direct appeals from judgments of conviction which have been held in abeyance pending resolution of post-conviction matters are increasingly clogging the dockets of this

court. The administrative burden of tracking these delayed appeals and insuring that the matters pending below are pursued expeditiously has proven to be substantial. In addition, the vast majority of petitions for post-conviction relief have been unsuccessful. Indeed, a review of the records of our clerk's office has not revealed a single instance in which a direct appeal has been rendered moot by post-conviction proceedings.

In a usual case, where the record on direct appeal is relatively short and the issues are straightforward, delaying the direct appeal pending post-conviction proceedings and then attempting to consolidate the two appeals often creates procedural and administrative problems. For example, practitioners often neglect to inform this court when a post-conviction proceeding has been resolved in the district court, thus delaying a direct appeal beyond the time necessary for the resolution of the post-conviction proceedings. A direct appeal is then further delayed while a record of the post-conviction proceeding is prepared and transmitted to this court. Further, practitioners often request that the two appeals be consolidated before the second appeal is docketed in this court. Also, practitioners often neglect to file notices of appeal and to designate properly the record in the post-conviction proceedings because of the misperception that the two appeals are a single proceeding. This causes unnecessary confusion for the clerk of the district court and for the clerk of this court.

In addition, this court receives numerous requests from prisoners proceeding in proper person to hold their direct appeals in abeyance pending post-conviction proceedings. Because this court has no means of monitoring the status of proper person proceedings in the district court, it is impracticable to grant such requests. Finally, the failure of this court to resolve issues pending on direct appeal often impacts adversely on the case before the district court because the district court must hear and consider issues that might be precluded by a decision on the merits of the direct appeal. The result is that one difficult case is often created from two simple cases.

Accordingly, we will no longer hold direct appeals in abeyance pending resolution of related post-conviction proceedings in the district court based on a mere showing of a *prima facie* case. Instead, this court will henceforth exercise its discretion to hold appeals in abeyance only in unusual and extraordinary cases. In order to establish good cause for granting a motion to hold a direct appeal in abeyance, an appellant must demonstrate both that he is likely to succeed on the merits of his post-conviction petition and that there is a strong likelihood that holding the direct appeal in abeyance will serve the end of judicial economy.

Appellants have not carried their burden of demonstrating good cause for their motions in these cases. Nevertheless, as this opinion represents a departure from prior procedure, we conclude that appellants should be allowed to pursue their motions if they believe they can show good cause under the standard set forth above. Accordingly, we deny these motions without prejudice to appellants' rights to refile properly documented and supported motions for the relief they seek.[1]

---

[1]Appellants shall have thirty (30) days from the date of this opinion within which to serve and file their opening briefs. Thereafter, briefing shall proceed pursuant to NRAP 31(a).