An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

DAVID THOMAS WARREN,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 62115

**FILED**

MAY 1 3 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK



## ORDER OF REVERSAL AND REMAND

This is a proper person appeal from an order denying a post-conviction petition for a writ of habeas corpus.[1] Eighth Judicial District Court, Clark County; Valorie J. Vega, Judge.

On August 1, 2012, while his direct appeal was pending,[2] appellant filed a proper person post-conviction petition for a writ of habeas corpus, challenging the validity of his judgment of conviction and sentence. The district court denied the petition without prejudice on November 26, 2012. The district court judge concluded that she lacked jurisdiction because the direct appeal was pending in this court.

We conclude that the district court judge erred in concluding that she lacked jurisdiction to consider the petition while the direct appeal was pending. A post-conviction petition for a writ of habeas corpus is an independent proceeding that seeks collateral review of the conviction, and thus, it may be litigated contemporaneously with the direct appeal and a

---

[1]This appeal has been submitted for decision without oral argument, NRAP 34(f)(3), and we conclude that the record is sufficient for our review and briefing is unwarranted. *See Luckett v. Warden*, 91 Nev. 681, 682, 541 P.2d 910, 911 (1975).

[2]Appellant's direct appeal is pending in *Warren v. State*, Docket No. 60126.

SUPREME COURT
OF
NEVADA

(O) 1947A

13-14054

pending direct appeal would not divest the district court of jurisdiction to consider the collateral petition. NRS 34.724(2)(a) (providing that a habeas corpus petition is not a substitute for and does not affect the remedy of direct review); NRS 34.730(3) (providing that the clerk of the district court shall file a habeas corpus petition as a new action separate and distinct from any original proceeding in which a conviction has been had); *Daniels v. State*, 100 Nev. 579, 580, 688 P.2d 315, 316 (1984) (recognizing that a post-conviction proceeding is separate from the direct appeal), *overruled on other grounds by Varwig v. State*, 104 Nev. 40, 752 P.2d 760 (1988); *Groesbeck v. Warden*, 100 Nev. 259, 260, 679 P.2d 1268, 1268-69 (1984) (recognizing that a post-conviction habeas corpus petition is a petition seeking collateral review).[3] Accordingly, we

ORDER the judgment of the district court REVERSED AND REMAND this matter to the district court for proceedings consistent with this order.[4]

_____, J.
Gibbons

_____, J.          _____, J.
Douglas                               Saitta

---

[3]We note that the district court could take the matter off calendar pending resolution of the direct appeal. This solution would preserve the timeliness of the petition and the custodial status of appellant at the time the petition is filed given the length of the sentence imposed in this case.

[4]We have reviewed all documents that appellant has submitted in proper person to the clerk of this court in this matter, and we conclude that no relief based upon those submissions is warranted. To the extent that appellant has attempted to present claims or facts in those submissions which were not previously presented in the proceedings below, we have declined to consider them in the first instance.

cc: Hon. Valorie J. Vega, District Judge
David Thomas Warren
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk