An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

RONALD W. BRADBERRY,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 64733

**FILED**

APR 1 0 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF REVERSAL AND REMAND

This is a proper person appeal from an order denying a post-conviction petition for a writ of habeas corpus.[1]  Eighth Judicial District Court, Clark County; Carolyn Ellsworth, Judge.

On January 7, 2014, the district court judge denied the petition, concluding that she did not have jurisdiction to consider the habeas corpus petition while an appeal from an order denying a motion to modify sentence was pending in this court.

We conclude that the district court judge erred in concluding that she lacked jurisdiction to consider the petition while the appeal from the order denying the motion to modify sentence was pending.  A post-conviction petition for a writ of habeas corpus is an independent proceeding that seeks collateral review of the conviction, and thus, it may be litigated contemporaneously with the appeal from the order denying a motion to modify sentence and the pending appeal did not divest the

---

[1]This appeal has been submitted for decision without oral argument, NRAP 34(f)(3), and we conclude that the record is sufficient for our review and briefing is unwarranted. *See Luckett v. Warden*, 91 Nev. 681, 682, 541 P.2d 910, 911 (1975).

SUPREME COURT
OF
NEVADA

(O) 1947A

14-11535

district court of jurisdiction to consider the collateral petition. NRS 34.724(2)(a) (providing that a habeas corpus petition is not a substitute for and does not affect the remedy of direct review); NRS 34.730(3) (providing that the clerk of the district court shall file a habeas corpus petition as a new action separate and distinct from any original proceeding in which a conviction has been had); *Daniels v. State*, 100 Nev. 579, 580, 688 P.2d 315, 316 (1984) (recognizing that a post-conviction proceeding is separate from the direct appeal), *overruled on other grounds by Varwig v. State*, 104 Nev. 40, 752 P.2d 760 (1988); *Groesbeck v. Warden*, 100 Nev. 259, 260, 679 P.2d 1268, 1268-69 (1984) (recognizing that a post-conviction habeas corpus petition is a petition seeking collateral review).[2] Accordingly, we

ORDER the judgment of the district court REVERSED AND REMAND this matter to the district court for proceedings consistent with this order.

_____, J.
Pickering

_____, J.
Parraguirre

_____, J.
Saitta

---

[2]We note that while this appeal was pending, this court entered an order affirming the decision to deny the motion to modify sentence. *See Bradberry v. State*, Docket No. 63528 (Order of Affirmance, February 12, 2014). The remittitur issued on March 11, 2014.

cc: Hon. Carolyn Ellsworth, District Judge
Ronald W. Bradberry
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A