An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

## IN THE SUPREME COURT OF THE STATE OF NEVADA

CHRISTOPHER D. MACK,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 65307

**FILED**

SEP 17 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

### ORDER OF AFFIRMANCE

This is a proper person appeal from an order denying a post-conviction petition for a writ of habeas corpus.[1] Eighth Judicial District Court, Clark County; Michael Villani, Judge.

In his petition filed on December 3, 2013, appellant challenged the computation of time served for parole eligibility and the alleged rescission of an order granting parole in 2004.

The district court denied the petition as a fugitive document believing that appellant was represented by Ms. Betsy Allen at the time appellant filed the petition. However, the documents indicate that Ms. Allen was dismissed in cases C182002/C182000 on September 11, 2013. Further, a post-conviction petition for a writ of habeas corpus is a collateral remedy and the fact that appellant was represented by counsel in prior trial proceedings would not prevent him from litigating a habeas corpus petition in proper person. *See* NRS 34.724(2)(a) (providing that a

_____

[1]This appeal has been submitted for decision without oral argument, NRAP 34(f)(3), and we conclude that the record is sufficient for our review and briefing is unwarranted. *See Luckett v. Warden*, 91 Nev. 681, 682, 541 P.2d 910, 911 (1975).

SUPREME COURT
OF
NEVADA

(O) 1947A

14-30831

habeas corpus petition is not a substitute for and does not affect the remedy of direct review); NRS 34.730(3) (providing that the clerk of the district court shall file a habeas corpus petition as a new action separate and distinct from any original proceeding in which a conviction has been had); *Daniels v. State*, 100 Nev. 579, 580, 688 P.2d 315, 316 (1984) (recognizing that a post-conviction proceeding is separate from the direct appeal), *overruled on other grounds by Varwig v. State*, 104 Nev. 40, 752 P.2d 760 (1988); *Groesbeck v. Warden*, 100 Nev. 259, 260, 679 P.2d 1268, 1268-69 (1984) (recognizing that a post-conviction habeas corpus petition is a petition seeking collateral review).

Nevertheless, we affirm the denial of the petition because it lacked merit. *See Wyatt v. State*, 86 Nev. 294, 298, 468 P.2d 338, 341 (1970) (holding that a correct result will not be reversed simply because it is based on the wrong reason). The July 9, 2004, decision to grant parole in cases C182002/C182000 stated that appellant could be granted parole to his consecutive sentence "effective . . . when eligible." The record indicates that appellant would not have been eligible for parole until November 2004. However, after the decision to grant parole, but before his eligibility for parole in this case, appellant was convicted in case C181882 and sentenced to serve a total of two consecutive terms of 48 to 120 months, concurrent to this case. NRS 213.1213(1) provides that eligibility for parole for a prisoner sentenced to two or more concurrent sentences is based on the sentence with the longest term before the prisoner is eligible for parole. Because the sentences in case C181882 were imposed to run concurrently with this case and because parole eligibility for case C181882 provided a longer term than parole eligibility in this case, the sentences in case C181882 are controlling. Thus,

appellant was not eligible for parole in cases C182002/C182000 in 2004.[2] Appellant failed to demonstrate that the Department of Corrections made any error in structuring his sentences and calculating his parole eligibility dates. Accordingly, we

ORDER the judgment of the district court AFFIRMED.[3]

_____, J.
Hardesty

_____, J.        _____, J.
Douglas                                           Cherry

---

[2]It does not appear from the documents in the record that the July 2004 decision to grant parole was ever formally rescinded by the Parole Board. Regardless of whether the 2004 decision was formally rescinded, the condition precedent required by the decision—that appellant be eligible for parole—was not met in this case. Because appellant was never actually paroled from one sentence to another, he failed to demonstrate that he had a liberty interest in this decision or that any due process right was violated. See *Jago v. Van Curen*, 454 U.S. 14, 17 (1981); see also *Kelch v. Dir. Nev. Dep't of Prisons*, 107 Nev. 827, 830, 822 P.2d 1094, 1095 (1991).

[3]We have reviewed all documents that appellant has submitted in proper person to the clerk of this court in this matter, and we conclude that no relief based upon those submissions is warranted. To the extent that appellant has attempted to present claims or facts in those submissions which were not previously presented in the proceedings below, we have declined to consider them in the first instance.

cc:    Hon. Michael Villani, District Judge
Christopher D. Mack
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A