An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

FREDDY PONCE,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 64541

**FILED**

OCT 1 5 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF REVERSAL AND REMAND

This is an appeal from a district court order denying a post-conviction motion to withdraw a guilty plea. Eighth Judicial District Court, Clark County; Michael Villani, Judge. Although the district court's order is silent on the basis for its decision, the transcript from the hearing on appellant Freddy Ponce's motion indicates that the district court denied the motion on one of two alternative grounds: (1) it did not have jurisdiction to consider the motion; or (2) Ponce failed to demonstrate that the plea was not knowing, intelligent, and voluntary.

Ponce argues that both grounds lack merit and complains that the district court did not hold an evidentiary hearing before denying his motion. The State contends that the district court did not base its decision on its lack of jurisdiction, but nonetheless will "not concede that the district court had jurisdiction" to grant Ponce's motion. This court recently issued an opinion while this appeal was pending explaining that a petition for a writ of habeas corpus is the exclusive remedy to challenge the validity of a guilty plea and a post-conviction motion to withdraw a guilty plea cannot be a separate post-conviction remedy because it is a collateral attack on a judgment of conviction. *See Harris v. State*, 130 Nev. ___, ___, 329 P.3d 619, 628 (2014). In light of this opinion, we remand this

14-34269

case to the district court so that it can construe Ponce's post-conviction motion to withdraw his guilty plea as a petition for a writ of habeas corpus.

A post-conviction petition for a writ of habeas corpus is an independent proceeding that seeks collateral review of the conviction, and thus, it may be litigated contemporaneously with the direct appeal and a pending direct appeal would not divest the district court of jurisdiction to consider the collateral petition. *See* NRS 34.724(2)(a) (providing that a habeas corpus petition is not a substitute for and does not affect the remedy of direct review); NRS 34.730(3) (providing that the clerk of the district court shall file a habeas corpus petition as a new action separate and distinct from any original proceeding in which a conviction has been had); *Daniels v. State,* 100 Nev. 579, 580, 688 P.2d 315, 316 (1984) (recognizing that a post-conviction proceeding is separate from the direct appeal), *overruled on other grounds by Varwig v. State,* 104 Nev. 40, 752 P.2d 760 (1988); *Groesbeck v. Warden,* 100 Nev. 259, 260, 679 P.2d 1268, 1268–69 (1984) (recognizing that a post-conviction habeas corpus petition is a petition seeking collateral review).

Had we considered the merits of the district court's decision on Ponce's motion, as the State requests, we would have also remanded this case to the district court because it did not conduct an evidentiary hearing to provide Ponce with the opportunity to substantiate his claim that counsel was ineffective before deciding whether Ponce's plea was knowing, intelligent, and voluntary, or deciding whether withdrawal was otherwise necessary to correct a manifest injustice. *See Rubio v. State,* 124 Nev. 1032, 1046, 194 P.3d 1224, 1233 (2008) (explaining that this court "will not look only to the technical sufficiency of a plea canvass to determine

whether a plea is invalid, but will also look to whether the district court conducted an evidentiary hearing to determine if the plea was constitutionally infirm or whether such a hearing was unnecessary." (internal quotation marks omitted)). Therefore, we

ORDER the judgment of the district court REVERSED AND REMAND this matter to the district court for proceedings consistent with this order.[1]

_Pickering_ , J.
Pickering

_Parraguirre_ , J.
Parraguirre

_Saitta_ , J.
Saitta

cc: Hon. Michael Villani, District Judge
Mario D. Valencia
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk

---

[1]Although we filed the opening brief submitted by Ponce, it fails to comply with the Nevada Rules of Appellate Procedure because the text is not double-spaced. *See* NRAP 32(a)(4). Counsel for Ponce is cautioned that failure to comply with this court's briefing requirements may result in the imposition of sanctions. *See* NRAP 28.2(b).