# IN THE SUPREME COURT OF THE STATE OF NEVADA

JASON JEROME BOLEN, A/K/A
JASON J. BOLDEN,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 84293

FILED

SEP 1 5 2022

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF REVERSAL AND REMAND

This is an appeal from a district court order denying a pro se postconviction petition for a writ of habeas corpus.[1] Eighth Judicial District Court, Clark County; Joseph Hardy, Jr., Judge.

On August 27, 2019, the district court convicted appellant, pursuant to a jury verdict, of four counts of attempted murder with use of a deadly weapon, seven counts of discharging a firearm at or into an occupied structure, vehicle, aircraft, or watercraft, battery with use of a deadly weapon, and ownership or possession of a firearm by a prohibited person. The district court sentenced appellant to serve an aggregate term of 336 months to 1,920 months in prison.

Appellant appealed the judgment of conviction. On July 8, 2021, a panel of this court affirmed the judgment of conviction. *Bolden v. State*, 137 Nev., Adv. Op. 28, 491 P.3d 19 (2021).[2] On September 23, 2021,

---

[1]Having considered the pro se brief filed by appellant, we conclude that a response is not necessary. NRAP 46A(c). This appeal therefore has been submitted for decision based on the pro se brief and the record. *See* NRAP 34(f)(3).

[2]The record indicates some confusion regarding appellant's last name as the judgment of conviction and appellate proceedings refer to him as Jason Bolden, a.k.a. Jason Bolen, while the postconviction proceedings refer to him as Jason Bolen, a.k.a. Jason Bolden. The record on appeal indicates that both names were used at various times during the trial proceedings.

SUPREME COURT
OF
NEVADA

(O) 1947A

22-28918

that same panel denied a petition for rehearing but entered an amended opinion. *Bolden v. State*, 137 Nev., Adv. Op 28, 499 P.3d 1200 (2021). On February 3, 2022, the court granted en banc reconsideration, and on August 4, 2002, the court affirmed the judgment of conviction in an unpublished decision. *Bolden v. State*, No. 79715, 2022 WL 3151746 (Nev. Aug. 4, 2022) (Order of Affirmance).

On October 4, 2021, shortly after the opinion and amended opinion were entered but before the decision to grant en banc reconsideration was entered, appellant filed a pro se postconviction petition for a writ of habeas corpus and motion for the appointment of counsel. The State opposed the petition and motion. Appellant subsequently attempted to file a motion to voluntarily dismiss the petition without prejudice, but the district court clerk filed the motion in the criminal case rather than the habeas case. The clerk then issued a notice rejecting the motion because appellant was represented by counsel in the criminal case and forwarded the motion to his appellate attorney. No further action appears to have been taken on that motion. On January 27, 2022, the district court summarily denied the petition for a writ of habeas corpus and denied the motion to appoint counsel. This appeal followed.

Appellant argues that the court erred in failing to consider his motion to voluntarily dismiss the postconviction petition which has prevented him from meaningfully litigating his claims. Appellant correctly asserts that the district court clerk erred in not filing his motion to dismiss in the habeas case because a postconviction petition for a writ of habeas corpus is an independent proceeding that may be litigated contemporaneously with a direct appeal. *See* NRS 34.724(2)(a) (providing that a habeas corpus petition is not a substitute for and does not affect the remedy of direct review); NRS 34.730(3) (providing that the clerk of the

district court shall file a postconviction petition as a new action, separate and distinct from any original proceeding in which a conviction has been had); *Daniels v. State*, 100 Nev. 579, 580, 688 P.2d 315, 316 (1984) (recognizing that a postconviction proceeding is separate from the direct appeal), *abrogated on other grounds by Varwig v. State*, 104 Nev. 40, 752 P.2d 760 (1988). The motion concerned the postconviction petition—not the criminal case—thus, it should have been filed in that case. This error prevented the district court from timely entertaining appellant's request. Compounding this procedural error, the district court's order denying the habeas petition does not contain findings of fact and conclusions of law as required by NRS 34.830(1) ("Any order that finally disposes of a petition, whether or not an evidentiary hearing was held, must contain specific findings of fact and conclusions of law supporting the decision of the court.").

Further, based on our review of the record, we conclude that the district court abused its discretion in denying the petition without appointing postconviction counsel. NRS 34.750 provides for the discretionary appointment of postconviction counsel and sets forth the following factors which the court may consider in deciding whether to appoint counsel: the petitioner's indigency, the severity of the consequences to the petitioner, the difficulty of the issues presented, whether the petitioner is unable to comprehend the proceedings, and whether counsel is necessary to proceed with discovery. The decision to appoint counsel is not necessarily dependent upon whether a petitioner raises issues in a petition which, if true, would entitle the petitioner to relief. *Renteria-Novoa v. State*, 133 Nev. 75, 77, 391 P.3d 760, 762 (2017).

Appellant was represented by appointed counsel at trial and on appeal, and he moved for the appointment of counsel for the postconviction proceedings. Appellant is serving a significant sentence, and his conviction

arose from a jury trial with potentially complex legal issues. Appellant's petition also contained claims requiring the development of facts outside the record, including an allegation that trial counsel failed to interview an alibi witness and pursue an alibi defense. The failure to appoint postconviction counsel in this case prevented a meaningful litigation of the petition. Thus, we reverse the district court's order denying appellant's petition and remand this matter for the appointment of counsel to assist appellant in the postconviction proceedings.[3]

It is so ORDERED.[4]

_____, C.J.
Parraguirre

_____, J.
Cadish

_____, Sr.J.
Gibbons

cc:  Hon. Joseph Hardy, Jr., District Judge
    Jason Jerome Bolen
    Attorney General/Carson City
    Clark County District Attorney
    Eighth District Court Clerk

---

[3]In light of this court's recent decision resolving appellant's direct appeal, and to avoid further confusion, the district court is not required to take any action on the request to voluntarily dismiss the petition at this time. Rather, the district court should allow postconviction counsel an opportunity to supplement the pro se petition already filed in the district court. NRS 34.750(3).

[4]The Honorable Mark Gibbons, Senior Justice, participated in the decision of this matter under a general order of assignment.